UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 19-1496-AB (KS)                                      Date: August 1, 2019

Title      _Ladell Stephens v. William Sullivan_

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|                  Gay Roberson                  |                  N/A                  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: FAILURE TO EXHAUST ALL CLAIMS RAISED IN THE PETITION**

On February 28, 2019, Ladell Stephens ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  Petitioner indicates that he is bringing the following claims for habeas relief:  "The District Attorney . . . was requested off of my case by the California State Bar prosecutorial misconduct" (Ground One); "Arrested on 12/31/16 on a fake warrant" (Ground Two); and "Writ of Mandant denied it appellate court" (Ground Three).  (Petition at 5-6) (errors in original).

On March 14, 2019, the Court warned Petitioner that a federal court will not entertain a wholly unexhausted federal habeas petition and ordered Petitioner to show cause why the action should not be dismissed.  (Dkt. No. 4.)  In response, Petitioner requested a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  (Dkt. No. 7.)

To obtain a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), a petitioner must show "good cause" for the failure to exhaust the claim(s) at issue.  *Rhines*, 544 U.S. at 277.  In addition, a petitioner must show that the unexhausted claims are "potentially meritorious" and that he has not engaged in "intentionally dilatory litigation tactics."  *Id.* at 278.  Although it was not clear whether Petitioner satisfied all three requirements for a *Rhines* stay, in the interests of justice, and in light of Petitioner's *pro se* status, the Court granted the Stay Motion.  (Dkt. No. 8.)  In the order granting Petitioner a *Rhines* stay, the Court ordered Petitioner to "file a habeas petition in the California Supreme Court fairly presenting <u>all</u> of his claims for federal habeas relief."  (Dkt. No. 8 at 2.)

## CIVIL MINUTES – GENERAL

Case No.   CV 19-1496-AB (KS)                    Date: August 1, 2019

Title      *Ladell Stephens v. William Sullivan*

 

      The Court is now in receipt of Petitioner's Motion to Lift Stay (the "Motion"). (Dkt. No. 13.) Attached to the Motion is a July 17, 2019 order from the California Supreme Court denying Petitioner's state habeas petition. (Dkt. No. 13 at 3.) Also attached to the Motion is Petitioner's state habeas petition filed in the California Supreme Court on April 29, 2019. (Dkt. No. 13 at 4-9.) However, the habeas petition filed in the California Supreme Court did not raise all three claims that Petitioner raised in the Petition pending before this Court that is currently stayed. (*See* Dkt. No. 13 at 4-9; Dkt. No. 1.) Rather, it only appears to raise Petitioner's second claim related to the Fourth Amendment. (*Id.*)

      Accordingly, Petitioner IS HEREBY ORDERED TO SHOW CAUSE **no later than September 1, 2019** why Petitioner has failed to exhaust, as ordered by the Court, all three claims raised in the Petition filed in this Court and why the Court should not lift the *Rhines* stay as requested. Petitioner may discharge the order to show cause by filing, on or before September 1, 2019, a statement of no more than three (3) pages, signed under penalty of perjury explaining why he has failed to exhaust all of his claims or, indicating which, if any, claims may still be pending before the California Supreme Court.

      Failure to comply with this Order will result in the Court lifting the stay and either: (1) dismissing the entire Petition because it still includes unexhausted claims; or (2) requiring Petitioner to amend the Petition to delete claims One and Three because they remain unexhausted. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

 

      **IT IS SO ORDERED.**

 

|                                    |        |
| ---------------------------------- | ------ |
|                                    |   :    |
| **Initials of Preparer**           |   gr   |